## D. W. Hawk, Admr., Plff. in Err., *v.* John Johnston.

Where a banking firm gave its certificate for money deposited with it, and one of the partners subsequently died, the payment of the interest from year to year on the certificate, by the survivors who continued the business,

Note.—Since the act of April 11, 1848 (P. L. 536, sec. 4), the estate of the deceased partner is liable for partnership indebtedness, whether the sur-

is not an assumption of the debt by the new and a release of the old firm; and the estate of the deceased partner continues liable for it.

(Decided November 1, 1886.)

Argued October 12, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 80, W. D. Error to the Common Pleas of Armstrong County to review a judgment on a verdict directed for plaintiff in an action of assumpsit. Affirmed.

This action was brought by John Johnston against D. W. Hawk, administrator of John Ralston, deceased, to recover the amount of a certificate of deposit.

In 1872 John Ralston, Alexander McQuaide, and D. A. Ralston formed a partnership for the purpose of carrying on a general banking business under the name of the Fairview Deposit Bank. August 6, 1877, John Johnston deposited with said bank $4,750, taking therefor the certificate of deposit in suit, which provided for payment of that amount "in current funds on the return of the certificate, twelve months after date with interest at the rate of 6 per cent per annum. Interest to cease at maturity."

When this certificate matured, August 6, 1878, Johnston called at the bank and was paid interest due at that time, and an indorsement to that effect was entered on the back of the certificate. He continued collecting yearly interest on the certificate in August of each year, which was indorsed in the same manner, until the year 1882. August 29, 1879, John Ralston died, and shortly thereafter McQuaide died, and the business of the bank was carried on by the surviving partner under the same name until March 17, 1882, when it suspended business, and D. A. Ralston, surviving partner, executed an assignment for the benefit of creditors.

July 20, 1883, Johnston brought this suit against the administrator of John Ralston to recover the amount of the certificate of deposit.

Defendant pleaded non assumpsit, release, discharge, etc. At

vivors be solvent or insolvent. Brewster v. Sterrett, 32 Pa. 115. And the estate is not released, in the absence of express agreement, by the creditor's taking new notes or a judgment from the surviving partners (Collier v. Leech, 29 Pa. 404) ; or new certificates of deposits for old ones. (Gardner's Estate, 199 Pa. 524, 49 Atl. 346).

the trial before NEALE, P. J., the certificate of deposit was put in·evidence with the indorsements thereon of interest paid, Aug. 16, 1878, Aug. 5, 1879, Aug. 6, 1880, and Aug. 6, 1881. R. W. McKee, cashier of the Fairview Deposit Bank, testified as follows:

"At the payment of the interest on this certificate to Mr. Johnston it was renewed for another year. It was renewed on this date, August 6, 1878. It was renewed on August 5, 1879, and upon the 6th day of August, 1880, and it was also renewed —although I am not a party to the transaction I could testify that it was renewed—on the 6th day of August, 1881, judging from this indorsement. When certificates were renewed, in some cases we gave new certificates and in others we did not. In this case the party was satisfied without a new certificate; and it saved cross entries on our books, when the money was not lifted, is about the only reason that we did not give a new certificate."

"I can't just remember the words that occurred between myself and John Johnston at the time this certificate was renewed on the 6th of August, 1878. I gave him his preference, explaining that we sometimes gave new certificates, and sometimes indorsed the interest on the old ones and had it renewed for the same length of time as the old certificate upon its face. I explained to him why the indorsing of the interest on the back saved us some work in the shape of cross entries, etc., and that it was in effect the same as a new certificate. I told him that at the first time the certificate was renewed. I don't know what occurred in 1879, or in August, 1880. I have just a recollection of the first time the certificate was renewed, for that was a definite understanding made in regard to the way the business was done. I think I could not remember distinctly what occurred in August, 1879, or 1880, and same thing may have occurred that occurred in 1878. The certificate was renewed.

"Upon that day in August, 1879, the money was agreed to be left another year, and if it could have been demanded upon that, that would be paying interest upon a demand deposit, which we did not do. I explained to Mr. Johnston about that. I cannot say whether that same agreement was made upon each certain day in August, 1880, but if it was not I think it was continued."

Cross-examination. "When I say that this was renewed I mean that the money was not to be called for for another·year."

The court charged the jury as follows:

"This case has been very long, and the defendant having failed, in the view of the court, to make out a good and sufficient legal defense to the claim of the plaintiff, we feel constrained to affirm the point submitted by the plaintiff, which is, 'That under all the evidence the verdict of the jury should be for the plaintiff.' We affirm that point, and it leaves nothing further for the jury to do in this case than to return a verdict for the plaintiff for the balance due upon this claim to the plaintiff."

Verdict was rendered for plaintiff, upon which judgment was entered and defendant took this writ, assigning, *inter alia,* as error the action of the court in affirming plaintiff's point.

*McCain & Leason* for plaintiff in error.

*Calvin Rayburn* and *S. Schoyer, Jr.,* for defendant in error.

PER CURIAM:

That the partnership known as the Fairview Deposit Bank did, on the 29th of August, 1879, when John Ralston died, owe the plaintiff the amount of his deposit, made on the 6th of August, 1877, is not controverted, and that the payment of interest thereon, by the survivors, who continued the business, was not an assumption of the debt by the new, and a release of the old, firm, was properly held by the court below.

The judgment is affirmed.